WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Matthew Greess,<br><br>          Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>          Defendant. | No. CV-20-00170-PHX-DJH<br><br>**ORDER** |

Pending before the Court are Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA") (Doc. 24) and Plaintiff's Motion for Attorney Fees under 42 U.S.C. § 406(b) (Doc. 31).[1] Defendant filed a Response in Opposition to Plaintiff's Motion for Attorney Fees Under the EAJA (Doc. 26), and Plaintiff filed a Reply thereto (Doc. 30). Defendant also filed a Response to Plaintiff's Motion for Attorney Fees under 42 U.S.C. § 406(b) (Doc. 33), but Plaintiff has not filed any reply, and the time in which to do so has expired.

**I.  Background**

Plaintiff filed an application for Social Security Disability Insurance in December 2017, which was denied by an Administrative Law Judge and the Appeals Council. Upon appeal to this Court, the parties jointly moved to remand the matter to the Commissioner of Social Security under sentence four of 42 U.S.C. § 405(g). Plaintiff now seeks awards of attorney fees.

---

[1] Plaintiff filed separate memoranda in support (Docs. 25; 32).

## II.     42 U.S.C. § 406(b)

The Court begins with Plaintiff's Motion under 42 U.S.C. § 406(b), which provides that the Court may award a reasonable attorney fee not in excess of 25% of past-due benefits under Title II of the Social Security Act.  In doing so, the Court must consider whether the fee requested is within the statutory guidelines, is consistent with the fee agreement, and is reasonable in light of the contingent-fee agreement.  *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002).

Plaintiff seeks an award of $28,692.12.  This amount is 25% of the total award Plaintiff received, which Defendant withheld for this purpose.  (Doc. 32-1 at 5).  It is consistent with the fee agreement, which Plaintiff provided.  (Doc. 32-2 at 2).  As to the reasonableness of this amount in light of the agreement, Defendant takes no position. (Doc. 33 at 5).  The Court finds that this award is within the guidelines, consistent with the agreement, and reasonable in light of the agreement.  Therefore, the Court will grant the Motion for Attorney Fees under 42 U.S.C. § 406(b).

## III.    EAJA

The Court turns to Plaintiff's request for an award $10,004.63 under the EAJA. (Doc. 30 at 12).

### a.  Legal Standard

In any action brought by or against the United States, except one sounding in tort, the EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A); *Tobeler v. Colvin*, 749 F.3d 830, 832 (9th Cir. 2014).  The fee applicant bears the burden of documenting the hours spent litigating the case and must submit evidence to support those hours.  *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007).  The fees and other expenses requested must be reasonable.  28 U.S.C. § 2412(d)(2)(A).  Courts have a "great deal of discretion in determining the reasonableness of" attorney fee awards.  *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992).

In the context of Social Security appeals, "attorneys' fees are to be awarded to a party winning a . . . remand unless the Commissioner shows that his position with respect to the issue on which the district court based its remand was 'substantially justified.'" *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002) (quoting *Flores v. Shalala*, 49 F.3d 562, 568–69 (9th Cir. 1995)). Under *Astrue v. Ratliff*, 560 U.S. 586, 595–98 (2010), EAJA fees awarded by the Court belong to Plaintiff and are subject to offset under the Treasury Offset Program (31 U.S.C. § 3716(c)(3)(B)). When an attorney receives an award under § 406(b) and the EAJA, the attorney must refund to the client the smaller of the awards. *Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991).

### b. Discussion

The Court finds, as Defendant concedes, that its position was not substantially justified because the parties agreed to a voluntary remand. (Doc. 26 at 3 n.1). However, Defendant argues that Plaintiff's requested award of $10,004.63 is unreasonable and should be reduced to $5,101.02. (Doc. 26 at 15). It particular, it argues the time it took Plaintiff's counsel to draft the Complaint (11.6 hours) and to edit the Opening Brief (14.5 hours) is too long to be reasonable. It also argues that the time Plaintiff's counsel spent reviewing his own filings once they had been placed on the docket (1 hour) is unjustifiable. Finally, Defendant requests that Plaintiff be prohibited from obtaining fees for the reply brief.

#### i. The Complaint

This matter's Complaint is eleven pages long and contains detailed citations to the law surrounding Social Security Appeals. Most of its pages contain footnotes that take up half the page with block quotes from other cases. (*See* Doc. 1 at 5). The factual allegations related to the present matter make up roughly half of the Complaint. Plaintiff's counsel represents that this document took 11.6 hours to review the administrative record, conduct "extensive legal research," draft, and edit the Complaint. (Doc. 25-2 at 2).

Defendant argues that the extensive legal research that went into the Complaint is overkill because Plaintiff only needed a "simple complaint akin to . . . pro se complaints" and not a legal brief. (Doc. 26 at 7). Accordingly, Defendants suggest a reasonable amount

of time to prepare the Complaint would have been two hours. (*Id.*) Plaintiff argues that the time spent reviewing the 997-page-long administrative record takes up a great amount of time and that his counsel's practice of writing detailed, legally-intensive complaints is intentionally designed to attempt to show a defendant why the case should be remanded before the need for further briefing. (Doc. 30 at 7).

The Court finds it is certainly reasonable for counsel to review the administrative record and prepare a well-written brief. However, the Court finds that fees incurred for "extensive legal research" in the Complaint are unreasonable. Many of the Complaint's legal arguments are quite plainly boilerplate language that may be used in any number of complaints. Plaintiff candidly admits the use of boilerplate language, which the Court recognizes pervades nearly all of the legal proceedings involving Social Security appeals. (*See* Doc. 30 at 10 ("This Court uses boilerplate, I use boilerplate, and the Commissioner uses boilerplate.")). But to claim extensive legal research was necessary for the use of boilerplate legal citations exhibited in the Complaint is not reasonable.

The time entry itself, in which this research was conducted notes seven hours spent on the legal research as well as reviewing emails, the administrative record, memorandum from other attorneys and emails over a two-day period. (Doc. 25-2 at 2). The Court is, therefore, unable to parse out exactly how much time was spent on the legal research. When time entries are "block billed" as some are here, rather than individually itemized, courts have found that a 20 percent reduction in the hours spent on a task is reasonable. *See Welch*, 480 F.3d at 948. Therefore, the Court will reduce the 11.6 hours by about 20 percent, and only allow Plaintiff's counsel to receive an award for 9.3 hours of work on the Complaint.

### ii.     The Opening Brief

Plaintiff's Opening Brief is twenty-two pages long and, according to the time sheets, took an associate attorney 14.1 hours to draft and an additional 14.5 hours for Plaintiff's counsel to review and edit. (Doc. 25-2 at 3–4). Defendant argues that Plaintiff's counsel, as an experienced attorney in social security matters, appears to have been duplicating

much of the work done by the associate and should have been able to review the opening brief in four hours. (Doc. 26 at 9–11). Plaintiff argues that the time spent reviewing the opening brief was not a waste a time and, in fact, a good practice that contributed to the success in this matter. (Doc. 30 at 8).

As with the time entry documenting work on the Complaint, the time entry for the review of the Opening brief is partly block billed with an entry documenting many different research and editing tasks that took place over the course of 11 hours in a single day. (Doc. 25-2 at 4). Because the Court is unable to parse out what portions of the time entry were spent reviewing the associate's draft, the Court will reduce this time entry of 11 hours by 20 percent and award only 8.8 hours of work. *See Welch*, 480 F.3d at 948.

### iii.     Reviewing the Docket

Next, Defendant argues that Plaintiff should not receive an award for the time spent reviewing the filed Complaint (0.5 hours) and the filed Opening Brief (0.5 hours) because it is unjustified. Plaintiff argues the time spent reviewing these documents, which occurred the day after the Complaint and Opening Brief were filed, was properly spent reviewing the docketed filings for errors that could be corrected.

The Court understands the desire to review documents that were recently filed, and it understands how errors reveal themselves once a document has been filed. But, given the substantial amount of time Plaintiff represents was spent in the drafting and review process, it is unreasonable to spend half an hour re-reading the Complaint and Opening brief. The Court finds a reasonable review of the filings would take fifteen minutes, and so will award only 0.5 hours for the review of documents already filed.

### iv.     Fees for the Reply

Finally, Defendant argues that Plaintiff should not be allowed to obtain any fees generated in the drafting of the Reply brief. (Doc. 26 at 13–14). Plaintiff argues that an award should include fees for the 2.5 hours it spent preparing the reply brief. The Supreme Court has noted that "fees for fee litigation should be excluded to the extent that the application ultimately fails to prevail in such litigation." *Comm'r, I.N.S. v. Jean*, 496 U.S.

154, 163 n.10 (1990). "For example, if the Government's challenge to a requested rate for paralegal time resulted in the court's recalculating and reducing the award for paralegal time from the requested amount, then the applicant should not receive fees for the time spent defending the higher rate." *Id.*

Here, although the Court finds that the requested award should be reduced somewhat, the Court has not reduced the fees to the full extent that Defendant requests. Therefore, Plaintiff's Motion under the EAJA fails only in part and the Court will reduce its fees for the Reply brief to 2 hours.

### c. Conclusion

The Court grants Plaintiff's Motion for Motion for Attorney Fees under 42 U.S.C. § 406(b), and it grants the Motion for Attorney Fees under the EAJA in part. The Court finds that 6.5 of the hours claimed by counsel in the EAJA Motion were unreasonable and so will subtract those from the total award requested. Therefore, the Court will subtract $1,350.57[2] from the requested EAJA award of $10,004.63 yielding a total award of $8,654.06.

Because the ultimate EAJA award is less than the award under § 406(b), the EAJA award must ultimately go to Plaintiff, not his attorney. *Russell*, 930 F.2d at 1446. This award is also subject to the Treasury Department's Offset Program. *Ratliff*, 560 U.S. at 595–98 (2010).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney Fees Under the EAJA (Doc. 24) is **granted** in part. Plaintiff shall receive an award in the amount of $8,654.06, subject to the Treasury Offset Program. Any check for EAJA fees shall be mailed to Plaintiff's counsel, Mr. Mark Caldwell; Law Office of Mark Caldwell, P.C.; 9920 S. Rural Road, No. 108-167; Tempe, Arizona 85284-4100.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Attorney Fees under 42

---

[2] The Court arrives at this figure by multiplying 6.5 hours by a rate of $207.78 per hour, which is the applicable rate for both 2020 and 2021. (*See* Doc. 25-2 at 4).

U.S.C. § 406(b) (Doc. 31) is **granted**. Plaintiff's counsel shall receive an attorney fee award in the amount of $26,692.12.  After receipt of this award, Plaintiff's counsel shall refund to Plaintiff the fees awarded under the EAJA.

Dated this 27th day of April, 2022.

*[Signature]*
Honorable Diane J. Humetewa
United States District Judge