1    **WO**

2

3

4

5

6             **IN THE UNITED STATES DISTRICT COURT**

7                **FOR THE DISTRICT OF ARIZONA**

8

| | |
|---|---|
| 9    David Matthew Greess, | No. CV-20-00170-PHX-DJH |
| 10              Plaintiff, | **AMENDED ORDER** |
| 11    v. | |
| 12    Commissioner of Social Security Administration, | |
| 13 | |
| 14              Defendant. | |

15        Pending before the Court are Plaintiff's Motion for Attorney Fees Under the Equal

16    Access to Justice Act ("EAJA") (Doc. 24) and Plaintiff's Motion for Attorney Fees under

17    42 U.S.C. § 406(b) (Doc. 31).[1]  Defendant filed a Response in Opposition to Plaintiff's

18    Motion for Attorney Fees Under the EAJA (Doc. 26), and Plaintiff filed a Reply thereto

19    (Doc. 30).  Defendant also filed a Response to Plaintiff's Motion for Attorney Fees under

20    42 U.S.C. § 406(b) (Doc. 33), but Plaintiff has not filed any reply, and the time in which

21    to do so has expired.

22    **I.    Background**

23        Plaintiff filed an application for Social Security Disability Insurance in December

24    2017, which was denied by an Administrative Law Judge and the Appeals Council.  Upon

25    appeal to this Court, the parties jointly moved to remand the matter to the Commissioner

26    of Social Security under sentence four of 42 U.S.C. § 405(g). Plaintiff now seeks awards

27    of attorney fees.

28

[1] Plaintiff filed separate memoranda in support (Docs. 25; 32).

1    **II.    42 U.S.C. § 406(b)**

2          The Court begins with Plaintiff's Motion under 42 U.S.C. § 406(b), which provides

3    that the Court may award a reasonable attorney fee not in excess of 25% of past-due

4    benefits under Title II of the Social Security Act.  In doing so, the Court must consider

5    whether the fee requested is within the statutory guidelines, is consistent with the fee

6    agreement, and is reasonable in light of the contingent-fee agreement.  *Gisbrecht v.*

7    *Barnhart*, 535 U.S. 789 (2002).

8          Plaintiff seeks an award of $28,692.12.  This amount is 25% of the total award

9    Plaintiff received, which Defendant withheld for this purpose.  (Doc. 32-1 at 5).  It is

10   consistent with the fee agreement, which Plaintiff provided.  (Doc. 32-2 at 2).  As to the

11   reasonableness of this amount in light of the agreement, Defendant takes no position.

12   (Doc. 33 at 5).  The Court finds that this award is within the guidelines, consistent with the

13   agreement, and reasonable in light of the agreement.  Therefore, the Court will grant the

14   Motion for Attorney Fees under 42 U.S.C. § 406(b).

15   **III.   EAJA**

16         The Court turns to Plaintiff's request for an award $10,004.63 under the EAJA.

17   (Doc. 30 at 12).

18         **a.  Legal Standard**

19         In any action brought by or against the United States, except one sounding in tort,

20   the EAJA provides that "a court shall award to a prevailing party other than the United

21   States fees and other expenses . . . unless the court finds that the position of the United

22   States was substantially justified."  28 U.S.C. § 2412(d)(1)(A); *Tobeler v. Colvin*, 749 F.3d

23   830, 832 (9th Cir. 2014).  The fee applicant bears the burden of documenting the hours

24   spent litigating the case and must submit evidence to support those hours.  *Welch v. Metro.*

25   *Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007).  The fees and other expenses requested

26   must be reasonable.  28 U.S.C. § 2412(d)(2)(A).  Courts have a "great deal of discretion in

27   determining the reasonableness of" attorney fee awards.  *Gates v. Deukmejian*, 987 F.2d

28   1392, 1398 (9th Cir. 1992).

1    In the context of Social Security appeals, "attorneys' fees are to be awarded to a

2  party winning a . . . remand unless the Commissioner shows that his position with respect

3  to the issue on which the district court based its remand was 'substantially justified.'"

4  *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002) (quoting *Flores v. Shalala*, 49 F.3d

5  562, 568–69 (9th Cir. 1995)).  Under *Astrue v. Ratliff*, 560 U.S. 586, 595–98 (2010), EAJA

6  fees awarded by the Court belong to Plaintiff and are subject to offset under the Treasury

7  Offset Program (31 U.S.C. § 3716(c)(3)(B)).  When an attorney receives an award under

8  § 406(b) and the EAJA, the attorney must refund to the client the smaller of the awards.

9  *Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991).

10    **b.  Discussion**

11    The Court finds, as Defendant concedes, that its position was not substantially

12  justified because the parties agreed to a voluntary remand.  (Doc. 26 at 3 n.1).  However,

13  Defendant argues that Plaintiff's requested award of $10,004.63 is unreasonable and should

14  be reduced to $5,101.02.  (Doc. 26 at 15).  It particular, it argues the time it took Plaintiff's

15  counsel to draft the Complaint (11.6 hours) and to edit the Opening Brief (14.5 hours) is

16  too long to be reasonable.  It also argues that the time Plaintiff's counsel spent reviewing

17  his own filings once they had been placed on the docket (1 hour) is unjustifiable.  Finally,

18  Defendant requests that Plaintiff be prohibited from obtaining fees for the reply brief.

19    **i.    The Complaint**

20    This matter's Complaint is eleven pages long and contains detailed citations to the

21  law surrounding Social Security Appeals.  Most of its pages contain footnotes that take up

22  half the page with block quotes from other cases.  (*See* Doc. 1 at 5).  The factual allegations

23  related to the present matter make up roughly half of the Complaint.  Plaintiff's counsel

24  represents that this document took 11.6 hours to review the administrative record, conduct

25  "extensive legal research," draft, and edit the Complaint.  (Doc. 25-2 at 2).

26    Defendant argues that the extensive legal research that went into the Complaint is

27  overkill because Plaintiff only needed a "simple complaint akin to . . . pro se complaints"

28  and not a legal brief.  (Doc. 26 at 7).  Accordingly, Defendants suggest a reasonable amount

1    of time to prepare the Complaint would have been two hours.  (*Id.*)  Plaintiff argues that

2    the time spent reviewing the 997-page-long administrative record takes up a great amount

3    of time and that his counsel's practice of writing detailed, legally-intensive complaints is

4    intentionally designed to attempt to show a defendant why the case should be remanded

5    before the need for further briefing.  (Doc. 30 at 7).

6         The Court finds it is certainly reasonable for counsel to review the administrative

7    record and prepare a well-written brief.  However, the Court finds that fees incurred for

8    "extensive legal research" in the Complaint are unreasonable.  Many of the Complaint's

9    legal arguments are quite plainly boilerplate language that may be used in any number of

10   complaints.  Plaintiff candidly admits the use of boilerplate language, which the Court

11   recognizes pervades nearly all of the legal proceedings involving Social Security appeals.

12   (*See* Doc. 30 at 10 ("This Court uses boilerplate, I use boilerplate, and the Commissioner

13   uses boilerplate.")).  But to claim extensive legal research was necessary for the use of

14   boilerplate legal citations exhibited in the Complaint is not reasonable.

15        The time entry itself, in which this research was conducted notes seven hours spent

16   on the legal research as well as reviewing emails, the administrative record, memorandum

17   from other attorneys and emails over a two-day period.  (Doc. 25-2 at 2).  The Court is,

18   therefore, unable to parse out exactly how much time was spent on the legal research.

19   When time entries are "block billed" as some are here, rather than individually itemized,

20   courts have found that a 20 percent reduction in the hours spent on a task is reasonable.

21   *See Welch*, 480 F.3d at 948.  Therefore, the Court will reduce the 11.6 hours by about 20

22   percent, and only allow Plaintiff's counsel to receive an award for 9.3 hours of work on the

23   Complaint.

24              **ii.    The Opening Brief**

25        Plaintiff's Opening Brief is twenty-two pages long and, according to the time sheets,

26   took an associate attorney 14.1 hours to draft and an additional 14.5 hours for Plaintiff's

27   counsel to review and edit.  (Doc. 25-2 at 3–4).  Defendant argues that Plaintiff's counsel,

28   as an experienced attorney in social security matters, appears to have been duplicating

1    much of the work done by the associate and should have been able to review the opening

2    brief in four hours.  (Doc. 26 at 9–11).  Plaintiff argues that the time spent reviewing the

3    opening brief was not a waste a time and, in fact, a good practice that contributed to the

4    success in this matter.  (Doc. 30 at 8).

5            As with the time entry documenting work on the Complaint, the time entry for the

6    review of the Opening brief is partly block billed with an entry documenting many different

7    research and editing tasks that took place over the course of 11 hours in a single day.  (Doc.

8    25-2 at 4).  Because the Court is unable to parse out what portions of the time entry were

9    spent reviewing the associate's draft, the Court will reduce this time entry of 11 hours by

10   20 percent and award only 8.8 hours of work.  *See Welch*, 480 F.3d at 948.

11                    **iii.    Reviewing the Docket**

12           Next, Defendant argues that Plaintiff should not receive an award for the time spent

13   reviewing the filed Complaint (0.5 hours) and the filed Opening Brief (0.5 hours) because

14   it is unjustified.  Plaintiff argues the time spent reviewing these documents, which occurred

15   the day after the Complaint and Opening Brief were filed, was properly spent reviewing

16   the docketed filings for errors that could be corrected.

17           The Court understands the desire to review documents that were recently filed, and

18   it understands how errors reveal themselves once a document has been filed.  But, given

19   the substantial amount of time Plaintiff represents was spent in the drafting and review

20   process, it is unreasonable to spend half an hour re-reading the Complaint and Opening

21   brief.  The Court finds a reasonable review of the filings would take fifteen minutes, and

22   so will award only 0.5 hours for the review of documents already filed.

23                    **iv.    Fees for the Reply**

24           Finally, Defendant argues that Plaintiff should not be allowed to obtain any fees

25   generated in the drafting of the Reply brief.  (Doc. 26 at 13–14).  Plaintiff argues that an

26   award should include fees for the 2.5 hours it spent preparing the reply brief.  The Supreme

27   Court has noted that "fees for fee litigation should be excluded to the extent that the

28   application ultimately fails to prevail in such litigation."  *Comm'r, I.N.S. v. Jean*, 496 U.S.

1   154, 163 n.10 (1990). "For example, if the Government's challenge to a requested rate for

2   paralegal time resulted in the court's recalculating and reducing the award for paralegal

3   time from the requested amount, then the applicant should not receive fees for the time

4   spent defending the higher rate." *Id.*

5   Here, although the Court finds that the requested award should be reduced

6   somewhat, the Court has not reduced the fees to the full extent that Defendant requests.

7   Therefore, Plaintiff's Motion under the EAJA fails only in part and the Court will reduce

8   its fees for the Reply brief to 2 hours.

9   **c.  Conclusion**

10   The Court grants Plaintiff's Motion for Motion for Attorney Fees under 42 U.S.C.

11   § 406(b), and it grants the Motion for Attorney Fees under the EAJA in part.  The Court

12   finds that 6.5 of the hours claimed by counsel in the EAJA Motion were unreasonable and

13   so will subtract those from the total award requested.  Therefore, the Court will subtract

14   $1,350.57[2] from the requested EAJA award of $10,004.63 yielding a total award of

15   $8,654.06.

16   Because the ultimate EAJA award is less than the award under § 406(b), the EAJA

17   award must ultimately go to Plaintiff, not his attorney.  *Russell*, 930 F.2d at 1446.  This

18   award is also subject to the Treasury Department's Offset Program.  *Ratliff*, 560 U.S. at

19   595–98 (2010).

20   Accordingly,

21   **IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney Fees Under the

22   EAJA (Doc. 24) is **granted** in part.  Plaintiff shall receive an award in the amount of

23   $8,654.06, subject to the Treasury Offset Program.  Any check for EAJA fees shall be

24   mailed to Plaintiff's counsel, Mr. Mark Caldwell; Law Office of Mark Caldwell, P.C.; 9920

25   S. Rural Road, No. 108-167; Tempe, Arizona 85284-4100.

26   **IT IS FURTHER ORDERED** that Plaintiff's Motion for Attorney Fees under 42

27

28   [2] The Court arrives at this figure by multiplying 6.5 hours by a rate of $207.78 per hour, which is the applicable rate for both 2020 and 2021. (*See* Doc. 25-2 at 4).

- 6 -

U.S.C. § 406(b) (Doc. 31) is **granted**. Plaintiff's counsel shall receive an attorney fee award in the amount of $28,692.12.  After receipt of this award, Plaintiff's counsel shall refund to Plaintiff the fees awarded under the EAJA.

Dated this 3rd day of May, 2022.

Honorable Diane J. Humetewa
United States District Judge

- 7 -